**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JENNIFER SEMIEN** | **CIV. A. NO.:** _____ |
| | |
| | **JURY DEMAND** |
| **VERSUS** | |
| | **JUDGE**_____ |
| | |
| **ACUREN INSPECTION, INC., ET AL** | **MAGISTRATE JUDGE**_____ |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, comes Jennifer Semien (hereinafter, "the plaintiff") who respectfully files this Complaint for Damages and Injunctive Relief against Acuren Inspection, Inc. ("Acuren"), Connie Daigle, and Melissa Brown (collectively, "the defendants"), presenting allegations and causes of action as follows:

1.

The plaintiff is an individual of the full age of majority and a domiciliary of Louisiana.

2.

Acuren Inspection, Inc. is a Delaware corporation, with its principal business office in Texas, and the designated registered agent for Louisiana is Corporation Service Company, located at 450 Laurel St., 8th Floor, Baton Rouge, LA 70801.

3.

Connie Daigle (Area Admin Lead, Central Gulf Coast), a white female, of full age of majority, a domiciliary of Louisiana, and an employee of Acuren.

4.

Melissa Brown (HR Business Partner, US Gulf Coast), a white female, of full age of majority, a domiciliary of Louisiana, and an employee of Acuren.

5.

This Court has federal question subject matter jurisdiction (28 U.S.C. § 1331) over the plaintiff's various claims under:

A. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*.; and

B. This Court has supplemental jurisdiction (28 U.S.C. §1367) over the plaintiff's state law claims brought pursuant to the Louisiana Employment Discrimination law, as set forth in La. R.S. 23:301, *et seq.*, La. R.S. 23:967, and La. Civ. Code art. 2315.

6.

This Court has personal jurisdiction over all the defendants because the actions complained of herein occurred within this Court's jurisdictional boundaries.

7.

Venue is proper in this Court because the defendants' actions complained of herein occurred in Calcasieu Parish, which is situated within the territorial boundaries of this Court.

8.

The plaintiff exhausted her administrative remedies as follows:

A. The plaintiff was an employee with Acuren, which, for all times pertinent, upon information and belief, was an entity with more than five hundred (500) employees;

B. On July 18, 2025, the plaintiff filed a Charge of Discrimination against Acuren with the EEOC and the State or local corollary (Louisiana Commission on Human Rights) (Charge No. 461-2025-02022);

C. The EEOC investigated allegations of race discrimination and retaliation; and

D. The plaintiff received a Notice of Right to Sue letter from the EEOC on or about December 11, 2025. Thus, this suit is filed timely, as it is within ninety (90) days of the plaintiff's receipt of the EEOC Notice of Right to Sue letter.

9.

The plaintiff is an African American female, a protected class, and the sole African American employee at Acuren's Sulphur, La., branch office.

10.

At all times pertinent, the plaintiff was employed by Acuren as a Site Admin II and consistently met performance expectations since her hire date on or about April 8, 2024.

11.

Sometime before January 3, 2025, the plaintiff was assigned the full-time, complete job duties of a white co-employee upon going on maternity leave, which primarily involved handling invoices for Westlake Corporation. This work was in addition to her already existing full-time, complete job duties, and this level of work was neither expected nor required of any of the plaintiff's white co-employees.

12.

Through this additional work, the plaintiff discovered that the Acuren technicians at Westlake Corporation consistently submitted late and inaccurate time sheets for invoicing. The plaintiff made it clear to her supervisor, Connie Daigle, that the deficiencies were caused by these technicians. The plaintiff requested assistance, but this was ignored.

13.

However, on or about January 3, 2025, Connie Daigle contacted the plaintiff, irate, screaming, and blaming her for timesheet and invoice issues, rather than the white employees

who were the actual cause of the issue. The plaintiff began to suspect that this treatment was due to her race, rather than to her job performance.

14.

On or about January 6, 2025, Connie Daigle submitted the plaintiff's annual evaluation, which was rife with false allegations, including, but not limited to, the plaintiff (1) lacked sufficient knowledge of Excel, (2) created a poor work environment with her bad attitude, (3) lacked the capability and willingness to perform her job duties, and (4) consistently failed to properly allocate labor hours by technicians at work sites. When the plaintiff requested further information and confronted them with contradictory evidence on these issues, she was ignored. Upon information and belief, Connie Daigle had not treated similarly situated white employees in this manner.

15.

On or about January 9, 2025, the plaintiff participated in a meeting with Connie Daigle and Melissa Brown to discuss her performance and the results of her recent evaluation. Throughout this meeting, Connie Daigle and Melissa Brown accused the plaintiff of deficient work performance, without evidence, and spoke to her in a derogatory manner, which she had not done to fellow white employees previously. The plaintiff viewed this as an effort by the defendants to search for pretextual reasons for her termination or to force her to resign through constructive discharge.

16.

On or about January 15, 2025, Connie Daigle instructed the plaintiff to begin placing her daily work on Connie Daigle's desk to review, which, upon information, was a requirement thrust solely on the plaintiff and not her white co-employees.

17.

Following this, other Acuren employees, including Vickie Thomas, began to join in on the harassment campaign, shouting at her, scrutinizing her, and insulting her in front of other employees, which, again, was behavior that had not been exercised toward the white employees.

18.

On or about January 21, 2025, the plaintiff advised Melissa Brown of her intent to file a formal complaint against Connie Daigle for racial discrimination and retaliation, but she ignored it.

19.

One week later, the plaintiff's employment was terminated for pretextual reasons.

20.

The defendants' actions outlined above, including but not limited to treating her differently from similarly situated white employees, initiating pretextual evaluations and investigations, and searching for reasons to terminate her employment, were because of her race and in retaliation for her complaints about the defendants' discriminatory and harassing activities.

21.

Acuren, through a policy and custom, and directly through its agents, knew or should have known and/or acted intentionally, recklessly, with careless disregard, or indifference, and/or negligently in unlawful employment practices by (1) denying the plaintiff equal employment opportunities because of her race, and (2) retaliating against the plaintiff for exercising her right to demand equal treatment under the law.

22.

The plaintiff shows that the defendants' actions outlined above violate Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the Louisiana Employment Discrimination law.

23.

The defendants' retaliatory acts outlined above violate Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and the Louisiana Employment Discrimination law, as set forth in La. R.S. 23:301, *et seq.*, and La. R.S. 23:967.

24.

The defendants knew or should have known and/or acted intentionally, recklessly, with careless disregard, or indifference, and/or negligently that their actions would inflict severe mental and emotional distress on the Plaintiff, and did inflict the same, and they are liable pursuant to La. Civ. Code art. 2315.

25.

As a result of the defendants' unlawful acts, the plaintiff suffered and continues to suffer damages, including:

A. Negative tax consequences (in the event of a lump sum award), including related accounting fees;

B. Loss of pay (front and back);

C. Loss of benefits;

D. Loss of accumulated sick pay, vacation, compensatory time, and/or paid time off;

E. Loss of income/earning capacity;

F. Attorneys' fees and costs of prosecution pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.*, and the Louisiana Employment Discrimination law as set forth in La. R.S. 23:301, et seq., and La. R.S. 23:967;

G. Mental and emotional distress manifesting in physical harm and symptoms; and

H. Loss of enjoyment of life.

for which the defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal, and all other damages that this Court deems necessary and proper.

26.

The plaintiff demands a trial by jury.

WHEREFORE, the plaintiff prays that this Complaint be filed and served on the defendants and, after due proceedings are had, there be judgment in the plaintiff's favor and against the defendants, for compensatory, punitive, exemplary, general, legal, and equitable damages. The plaintiff further prays that the Court Order the Defendants by mandatory injunction enjoining them from (1) engaging in the above unlawful employment practices and taking such affirmative actions as are necessary to ensure that the effects of said violations are eliminated and (2) reinstating the plaintiff's employment. The plaintiff further prays for relief under all relevant statutes, and for costs, attorneys' fees, expert fees, and judicial interest from the date of judicial demand, in obtaining the relief and damages against the defendants, and for all other damages and relief, equitable and legal, that this Court deems necessary and proper.

Respectfully submitted:

**DUCOTE LAW FIRM, LLC**


*/s/ Robert D. Guidry*
**SAMUEL R. DUCOTE (#40348)**
sam@ducotefirm.com
**ROBERT "RICK" BRYANT (#03616)**
rick@ducotefirm.com
**ROBERT D. GUIDRY (40386)**
robert@ducotefirm.com
1021 Broad St.
Lake Charles, LA 70601
(337) 429-5218—Telephone
(337) 221-0680—Facsimile
carol@ducotefirm.com—Paralegal
emma@ducotefirm.com—Paralegal
*Attorneys for the plaintiff*


**The plaintiff will issue a Notice of Lawsuit and Request for Waiver of Service and Citation to the defendants**